Whitney DuPree, AZ Bar No. 035061
**Spire Law, LLC**
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
Telephone: (407) 494-0135
Email: whitney@spirelawfirm.com
filings@spirelawfirm.com
sarah@spirelawfirm.com
Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Mares Figueroa, in her individual capacity,<br><br>     Plaintiff,<br><br>v.<br><br>Serenity Luxury Living, LLC, an Arizona limited liability company, Giselle Auditore, a proprietor /statutory agent,. Giselle Vasquez, proprietor/ statutory agent, Giselle Auditore, in her individual capacity, John Doe Auditore and Giselle Auditore, husband and wife, Giselle Vasquez in her individual capacity, John Doe Vasquez and Giselle Vasquez, husband and wife;<br><br>     Defendants.<br>_____/ | Case No. 4:23-cv-00129-TUC-LCK |

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Serenity Luxury Living LLC, Giselle Auditore, and Giselle Vasquez, (hereinafter "Defendants") answers the Complaint filed by Plaintiff, Juana Mares Figueroa ("Plaintiff"), in correspondingly numbered paragraphs as follows:

## I. NATURE OF ACTION

1. Defendants admit that this action alleges that they violated the FLSA, but Defendants deny that they violated the FSLA as alleged in Paragraph 1 of the Complaint.

## II. PARTIES

2. Defendants are without sufficient knowledge or belief to admit or deny the allegations and, therefore, deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants are without sufficient knowledge or belief to admit or deny the allegations and, therefore, deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants are without sufficient knowledge or belief to admit or deny the allegations and, therefore, deny the allegations set forth in Paragraph 9 of the Complaint.

## II. JURISDICTION AND VENUE

10. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 10 of the Complaint.

11. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 11 of the Complaint.

12. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 12 of the Complaint.

13. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor

deny, and, therefore, denies the allegations of Paragraph 13 of the Complaint.

14. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations set forth in Paragraph 14 of the Complaint.

15. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit for jurisdiction purposes but otherwise deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit for jurisdiction purposes but otherwise deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit for jurisdiction purposes but otherwise deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit for jurisdiction purposes but otherwise deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit for jurisdiction purposes but otherwise deny the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendants admit for venue purposes as set forth in Paragraph 21 of the Complaint.

## IV. GENERAL ALLEGATIONS

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants admit the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

### COUNT I
### Violation of the FLSA Overtime Provision
### 29 U.S.C. § 207(a)(1)

44. Defendants repeat and incorporate responses set forth above, as if fully set forth herein.

45. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

### COUNT II
### Violation of the Arizona Minimum Wage Act
### A.R.S. § 23-362 et seq

58. Defendants repeat and incorporate responses set forth above, as if fully set forth herein.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. This Paragraph sets forth a legal conclusion for which Defendant can neither admit nor deny, and, therefore, denies the allegations of Paragraph 69 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny all allegations and/or entitlement to relief set forth in the unenumerated WHEREFORE paragraph, including subsection A-F, following Paragraph 69 in the Complaint.

### GENERAL DENIAL

All allegations not expressly admitted are denied.

### JURY TRIAL DEMAND

Defendants demand trial by jury on all issues so triable.

### ATTORNEYS FEES AND COSTS

Defendants affirmatively assert their entitlement to attorneys' fees and costs per A.R.S. §§ 12-341.01 and 12-341, and any other applicable law or authority.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work the hours claimed.

#### Second Affirmative Defense

Plaintiff's claims are barred because all wages due were paid.

#### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction, intention to make a

gift, estoppel, mistake, failure of consideration, lack of formation, lack of acceptance, impossibility, impracticability, ratification, release, statute of frauds, payment, or waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the basis of Plaintiff's own failure to mitigate.

### Fifth Affirmative Defense

Defendants were not reckless and did not show a reckless disregard for whether their conduct was prohibited by the FLSA; accordingly, the two-year statute of limitation applies.

### Sixth Affirmative Defense

Plaintiff's claims are barred based on the doctrines of estoppel, laches, or unclean hands.

### Seventh Affirmative Defense

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 21st day of August, 2022.

Respectfully submitted,
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: /s/Whitney M. DuPree
Whitney M. DuPree, Esq.
Arizona Bar No. 035061
whitney@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com

Attorney for Defendants | Serenity Luxury Living LLC, Giselle Auditore, and Giselle Vasquez

Original electronically filed
this 21st day of August, 2023, to:

Margot Veranes
Nicholas Jason Enoch
Lubin & Enoch PC
349 N 4th Ave
Phoenix, AZ 85003
602-234-0008
Fax: 602-626-3586
margot@lubinandenoch.com
nick@lubinandenoch.com
*Attorneys for Plaintiff*