# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Mares Figueroa, | No. CV-23-00129-TUC-JAS (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Serenity Luxury Living LLC, et al., | |
| Defendants. | |

Before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Kimmins recommending granting Plaintiff's Motion for Default Judgment (Doc. 70). The deadline for parties to file objections to the R&R has passed and no objections have been filed. The Court therefore reviews the R&R for clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). Upon review of the record, the Court finds Judge Kimmins' recommendations are not clearly erroneous.

The Court notes that after the filing of the pending R&R, three defendants submitted untimely, non-responsive filings. *See* Docs. 73 and 74 (Defendant Michael Auditore's requests for electronic filing privileges), Doc. 75 (Michael Auditore's Declaration of Noninvolvement), and Docs. 76 and 77 (Giselle Auditore's and Giselle Vasquez's motions to dismiss). None of these filings are responsive the pending R&R.

Michael Auditore's requests for electronic filing privileges are irrelevant here as he could have filed his objection in another manner other than an electronic filing. His

declaration of noninvolvement is likewise irrelevant because it does not address any aspect of Judge Kimmins' R&R and therefore cannot be construed as an objection, even if the Court were to treat it as timely.

Giselle Auditore and Giselle Vasquez both challenge the factual basis for Plaintiff's claims in their identical motions to dismiss. However, as Judge Kimmins explained in the R&R, upon the Clerks Office entering default (*see* Doc. 67), "the factual allegations of the complaint, except those relating to the amount of damages, are taken as true." Doc. 71 R&R at 3 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) and Fed. R. Civ. P. 55(b)(2)). The motions to dismiss are misplaced and attempt to challenge Plaintiff's case in a way that has already been foreclosed to Defendants. The Court will therefore not treat them in any way as objections to the R&R.

Moreover, even if the Court treated the post-R&R filings as objections, those filings were submitted after the deadline to file objections and those "objections" are denied as untimely. Even if the filings were timely, they are still nonresponsive to the R&R. Judge Kimmins conducted an analysis under the Ninth Circuit's seven-factor *Eitel* standard; none of the post-R&R filings addressed any of the *Eitel* factors, nor any other aspect of the R&R. Thus, to the extent the post-R&R filings could be interpreted as objections, those objections are be denied.

**IT IS ORDERED** as follows:

(1) Magistrate Judge Kimmins' Report and Recommendation (Doc. 71) is **accepted and adopted**.

(2) Plaintiff's Motion for Default Judgment (Doc. 70) is **granted**.

(3) All other motions are denied.

(4) Judgment is entered for Plaintiff against all Defendants in the amount of $290,986.52[1] plus post-judgment interest at the published federal rate.

(5) Judgment is further entered for Plaintiff against Defendants Michael Auditore, Giselle Auditore, Giselle Vasquez, and Manuel Vasquez, in the amount of $41,178.33 in

---

[1] $209,842.92 in damages ($168,959.97 under the AMWA and $40,882.95 under the FLSA for unpaid overtime), $78,974.38 in attorney's fees; $2169.22 in taxable costs.

damages under the AMWA, plus post-judgment interest at the published federal rate.

(6) The Clerk of the Court shall enter a separate judgment in accordance with this Order and close the file in this case.

Dated this 27th day of February, 2025.

Honorable James A. Soto
United States District Judge